**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**



APR 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: INTEL CORPORATION SECURITIES LITIGATION, _____ KBC ASSET MANAGEMENT NV; SEB INVESTMENT MANAGEMENT AB, Lead Plaintiffs, Plaintiffs-Appellants, v. INTEL CORPORATION; et al., Defendants-Appellees. | No.  23-15695 D.C. No. 5:20-cv-05194-EJD MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 1, 2024
San Francisco, California

Before:  HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,** District Judge.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Brian M. Morris, Chief Judge for the District of Montana, sitting by designation.

Plaintiffs KBC Asset Management NV and SEB Investment Management AB appeal the dismissal of this securities fraud putative class action against Intel Corporation and its former officers Robert Swan, George Davis, and Venkata Renduchintala (collectively, "Intel"). We review de novo the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act ("PSLRA"). *See In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). We accept as true all plausible factual allegations in the complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and view those allegations in the light most favorable to the plaintiffs, *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. "Timeline" statements. Plaintiffs failed to adequately allege materially false or misleading statements or omissions about Intel's 7-nanometer product launch timeline that were not protected by the PSLRA's safe harbor for "forward-looking" statements. *See* 15 U.S.C. § 78u-5(c)(1). Plaintiffs challenged statements that Intel's announced "timeline" for 7-nanometer product launch dates remained "unchanged" and "on track," and that there was "nothing new" to report. But a "statement that a company is 'on track' to achieve an announced objective [is] merely [an] alternative way[] of declaring or reaffirming the objective itself." *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1192 (9th Cir. 2021).

Here, as in *Wochos*, Plaintiffs failed to plead that Intel's timeline required intermediate checkpoints to be met, let alone that such checkpoints were missed before the statements at issue. Plaintiffs thus failed to plead with particularity that any defendant had "actual knowledge," when making the challenged statements, that Intel would miss the projected product release dates. 15 U.S.C. § 78u-5(c)(1)(B).

Plaintiffs also failed to plead scienter with particularity as to the "timeline" statements. They rely largely on anonymous sources, but have not provided sufficient factual allegations as to the sources' reliability or personal knowledge. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009), *as amended* (Feb. 10, 2009). As the district court explained, "Plaintiffs' allegations paint a picture that there were problems with Intel's [7-nanometer] development," and that the individual defendants may have been aware that those problems existed. *In re Intel Corp. Sec. Litig.*, No. 5:20-CV-05194, 2023 WL 2767779, at *25 (N.D. Cal. Mar. 31, 2023). "The allegations go no further, though," *id.*, and do not create "a strong inference that the defendant[s] acted with . . . intent to deceive, manipulate, or defraud," or with "deliberate recklessness," in announcing and affirming 7-nanometer product release dates. *Quality Sys.* at 1144 (cleaned up) (citing 15 U.S.C. § 78u-4(b)(2)(A)). Nor do they support a "core operations inference." *See S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 786 (9th Cir. 2008)

(noting that, "without accompanying particularized allegations," the inference applies only in "rare circumstances").

2. <u>Other statements</u>. Plaintiffs also challenge statements about: 1) lessons Intel learned from its 10-nanometer process that it applied to its 7-nanometer process; 2) Intel's status as an integrated device manufacturer; and 3) the departure of microprocessor architect Jim Keller. A statement is misleading if it "would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918, 928 (9th Cir. 2023) (cleaned up). The PSLRA requires that "the complaint state with particularity all facts on which the belief underlying an allegation of falsity is formed." *Id.* at 942 (cleaned up) (citing 15 U.S.C. § 78u-4(b)(1)(B)). Plaintiffs failed to plead with particularity that the challenged statements were false or misleading when made, and also failed to plead facts supporting a "strong inference" of scienter as to these statements. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 326 (2007).

3. <u>Control person liability</u>. Plaintiffs' control persons claim under 15 U.S.C. § 78t(a) fails because their underlying claims fail. *See, e.g.*, *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1113 (9th Cir. 2021).

**AFFIRMED.**